UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4474

ALFRED HEATH, a/k/a Alfred
Manning,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-97-240-MJP)

Submitted: April 20, 1999

Decided: September 21, 1999

Before NIEMEYER and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Jane
B. Taylor, Assistant United States Attorney, Columbia, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alfred Heath appeals his convictions for attempted possession and possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and using the United States Postal Service to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b) (1994).

Heath claims on appeal that the district court erred in its application of the business records exception to the hearsay rule to permit the introduction of mailing labels by the United States at trial. See Fed. R. Evid. 803(6). We need not address the applicability of Rule 803(b) because the evidence was not hearsay. See United States v. Lieberman, 637 F.2d 95, 101 (2d Cir. 1980). We also find that the probative value of this evidence was not substantially outweighed by any unfair prejudice. See Fed. R. Evid. 403.

Heath also claims that the district court erred when it denied his motion for a mistrial. Heath asserts that in closing argument counsel for the United States violated his constitutional rights by commenting on his failure to testify. We disagree. A review of the alleged improper comment shows that it was not manifestly intended to be, nor was it of such character that the jury would naturally and necessarily take it to be, a comment on the failure of the accused to testify. See United States v. Anderson, 481 F.2d 685, 701 (4th Cir. 1973).

Lastly, Heath claims that the district court should have excluded a statement made by Heath before he was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). However, our review of the matter indicates that the statement was in response to a routine booking question regarding Heath's name. Such matters do not fall within the scope of Miranda. See Pennsylvania v. Muniz, 496 U.S. 582, 600-01 (1990) (plurality opinion). Furthermore, the question was

2

not "reasonably likely to elicit an incriminating response." <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301-02 (1980).

Accordingly, we affirm Heath's convictions. We also deny his motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3